IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 2 2017

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | | |
|---|---|---|
| JOSEPH R. YASINOSKY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-214-A |
| | § | |
| RIVER OAKS FARMS INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, River Oaks Farm, Inc.[1] ("River Oaks"), Richard Kutz, Jr., and Raintree Equine Services, L.L.C. ("Raintree"), to dismiss for lack of personal jurisdiction. The court, having considered the motions, the responses filed by plaintiffs, Joseph Yasinosky and Thomas Minton, the replies, the record, and applicable authorities, finds that the motions should be granted.

I.

Plaintiffs' Claims

On March 7, 2017, plaintiffs filed their complaint in the Dallas Division of this court. Doc.[2] 1. By order signed March 9, 2017, the action was transferred to the Fort Worth Division, Doc. 8, where it was assigned to the docket of the undersigned.

---

[1] This defendant says that it is incorrectly named as "River Oaks Farms, Inc."

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

Plaintiffs are the owners of Joyfull Julia, a thoroughbred mare. Doc. 11 at 1-2, ¶¶1-2, and 3, ¶ 8. Defendants are citizens of the State of Oklahoma and River Oaks and Raintree have their principal places of business there. Id. at 2, ¶¶3-5.

Plaintiffs allege: They sent their mare to River Oaks for boarding, foaling, and subsequent care of the mare and foal. Doc. 11 at 3, ¶ 8. On March 10, 2017, the foal was born at River Oaks. Id. at ¶ 9. Plaintiffs have reason to believe the foal was not given plasma, which is typically given to foals intravenously 2-3 times in the first few weeks of life, although they were charged for it. Id. at ¶ 10. No blood test or ultrasounds were done, which breached the standard of care. Id. at ¶ 11. Plaintiffs picked up the foal from River Oaks and immediately transported him to Texas, where he died of Rhodococcus bacterial pneumonia, which is treatable if caught early. Id. at ¶¶ 12-14.

Plaintiffs say that defendants were negligent in their care of the foal. They seek to recover "over $100,000" for the death of the foal in addition to veterinary costs and loss of business income.

II.

Grounds of the Motions

Defendants allege that the court lacks personal jurisdiction over each of them. Fed. R. Civ. P. 12(b)(2).

III.

## Applicable Legal Principles

The burden is on plaintiffs to establish the court's
jurisdiction over defendants. <u>Wilson v. Belin</u>, 20 F.3d 644, 648
(5th Cir. 1994); <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1192 (5th Cir.
1985). Personal jurisdiction need not be established by a
preponderance of the evidence at this stage; <u>prima facie</u> evidence
is sufficient. <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203 (5th Cir.
1989). The court may resolve jurisdictional issues by reviewing
pleadings, affidavits, exhibits, any part of the record, and any
combination thereof. <u>Command-Aire Corp. v. Ontario Mech. Sales &
Serv., Inc.</u>, 963 F.2d 90, 95 (5th Cir. 1992). Allegations of
plaintiffs' complaint are taken as true except to the extent that
they are contradicted by defendants' affidavits. <u>Wyatt v. Kaplan</u>,
686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material
conflicts are resolved in favor of plaintiffs. <u>Jones v. Petty-Ray
Geophysical Geosource, Inc.</u>, 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a
nonresident may be exercised if (1) the nonresident defendant is
amenable to service of process under the law of the forum state,
and (2) the exercise of jurisdiction under state law comports
with the due process clause of the Fourteenth Amendment. <u>Wilson</u>,
20 F.3d at 646-47. Since the Texas long-arm statute has been

interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendants would be constitutionally permissible. Bullion v. Gillespie, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The "minimum contacts" prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. Bullion, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the

reasonable exercise of jurisdiction. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984); <u>Perkins v Benguet Consol. Mining Co.</u>, 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. <u>Jones</u>, 954 F.2d at 1068. As the Supreme Court has recently explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it "essentially at home" in the forum state. <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 761 (2014)(quoting <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 919 (2011)). For example, a corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. <u>Id.</u> at 760. A corporation is not "at home" in every state where it engages in a substantial, continuous, and systematic course of business. <u>Id.</u> at 760-61, 762 n.20. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. <u>Id.</u> at 760.

IV.

## Analysis

In light of the Supreme Court's recent cases, which plaintiffs do not address, plaintiffs simply have not made any

preliminary showing of either general or specific jurisdiction over defendants. The complaint itself does not contain any factual allegations to support the existence of personal jurisdiction over defendants in Texas. Rather, it confirms that the facts giving rise to plaintiffs' claims occurred in Oklahoma, where the foal was born and was in the care of defendants. All of plaintiffs' claims arise out of the alleged negligence of defendants in Oklahoma.

Plaintiffs ask that they be allowed to conduct discovery regarding jurisdictional facts, but they have not presented any factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts with Texas. See Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 429 (5th Cir. 2005). Discovery would not serve any purpose.

V.

Order

The court ORDERS that defendants' motions to dismiss for lack of personal jurisdiction be, and are hereby, granted, and that plaintiffs' claims against defendants be, and are hereby,

dismissed.

    SIGNED June 22, 2017.

_____
JOHN McBRYDE
United States District Judge